Shaw C. J.
drew up the opinion of the Court. [After stating the case.] We take the general rule of practice to be well settled, that in an action ex contractu against several, it must appear on the face of the pleadings, that their contract was joint, and that fact must be proved on the trial. And if the fact do not appear upon the pleadings, the plaintiff may be nonsuited at the trial, if he fail of proving a joint contract; or if the evidence is proper to be submitted to the jury, they will be instructed that if the evidence is insufficient to establish a joint contract, the defendants will be entitled to a verdict. And this it is which constitutes the marked distinction between tort and contract ; for in actions in form ex delicto, as in trespass or case, one defendant may be found guilty and the other acquitted, yet in covenant, debt or other action in form ex contractu, a verdict or judgment cannot in general be given in a joint action, against one defendant, without the other. 1 Chitty on PL 32.
The case cited by Chitty in support of this position, is pre-" cisely like the case at bar. In an action of assumpsit against three, two only of whom were liable to be sued, and the party not liable, together with one of those who were liable, suffered judgment by default, and the other party pleaded the general issue ; a verdict was found for such defendant, on the ground that the plaintiff having declared as upon a promise by three defendants, consequently, to entitle himself to recover, he should have proved a promise, either express or implied, binding all the three. Shirreff v. Wilks, 1 East, 48. This case was against three as partners, and the reason why one was not liable was, that it was a partnership security given for the several debt of two of the partners, and so a fraud upon the partnership. It will be remarked, that the plea was not put in by Robson, the partner who was not liable on the ground of the fraud upon the new partnership, but by Wilks, one of the partners who was liable lor the debt. It is also remarkable, that *288 although Mr. Chitty says that the two defendants, Bishop ana Robson, were defaulted, yet upon a reference to the report it appears, that they were outlawed. There was nothing, therefore, in point of form, to prevent the plaintiff from proceeding to judgment against Wilks alone, if by law he was liable in that suit. The case is therefore a direct authority for this position, that in a suit upon a joint contract against three, the plaintiff is not entitled to recover against either of those parties, without proving a joint contract as laid, although he does prove a contract, upon which the party against whom he seeks to recover, is liable.
It is now perfectly well established, that a misjoinder of plaintiffs is a ground of nonsuit, as also is a joinder of too many defendants. 2 Stark. Ev. 83 ; 3 Stark. Ev. 1064.
The same rule was formerly adopted in England, where there was a non-joindet of defendants, and many nonsuits were ordered on that ground ; but since the decision in the case of Rice v. Shute, 5 Burr. 2611, it has been uniformly held, that the non-joinder of a defendant could only be taken advantage of by plea in abatement.
Sir James Mansfield, in delivering the opinion of the court in the case of Powell v. Layton, 5 Bos. & Pul. 372, says, that till the case of Rice v. Shute, such a plea, viz. a plea in abate ment that a joint promisor was not made a party, was not used. And again, he says, “ I am old enough to remember that the decision in Rice v. Shute caused great surprise in Westminster Hall; for before that case there had been an infinite number of nonsuits on the ground that other joint contractors should have been sued.”
That this is the settled general rule in England, may be established by a reference to several recent cases, in which the rule is recognized as settled, rather than decided as still open to any question. .
In Max v. Roberts, 5 Bos. & Pul. 454, it was held, that in an action on the case upon the delivery of goods to several joint owners of a ship, to be carried for freight, alleging a deviation, if the plaintiff fail in proving all the defendants to be owners, he cannot recover even against those whom he proves to be owners. The action, in form, was an actior *be case *289 for the supposed tort. At the trial, a part of the defendants only were proved to be owners. A verdict was taken subject to the opinion of the court. The .counsel for the plaintiff contended, that as the action was for a misfeasance, not founded on contract, but tort, the plaintiff was entitled to his verdict against seven defendants, who were proved to be owners. Sir James Mansfield, delivering the opinion of . the court, says, “ If this action be founded on contract, there ought to be a nonsuit, or a verdict for the defendants.” He then proceeded to consider whether the negligence of the defendants as shipowners, in not carrying the goods directly, as alleged, was a tort or a breach of contract; coming to the conclusion, that although a violation of duty and therefore in some sort a tort, yet as the duty was created by contract and the wrong consisted in the violation of that contract, the law of contract must apply to it, and therefore, althotigh in form an action ex delicto and not ex contractu, that the plaintiff could not have judgment against the defendants who were liable, because the suit was brought against them together with others, who were not liable. In this case the Court of Common Pleas relied upon the case of Powell v. Layton before cited, then recently decided, in which the action was case against ship-owners, in which there was a plea in abatement, on the ground that some of the shipowners were not joined. The two cases taken together establish the position, that if the gist of the action is contract, though the action is in case, the rule of law in regard to contract applies, viz. that if all the contracting parties are not joined, the exception must be taken by plea in abatement; but if some are joined who are not liable, there must be a nonsuit, or verdict for the defendants, and that the plaintiff cannot recover against those who are liable."
But it appears that in the principal point decided in these cases, to wit, that contract and not tort was the gist of the action, the Common Pleas differed from the Court of King’s Bench. In the case of Govett v. Radnidge, 3 East, 62, the action was against three defendants, alleging that they had the loading of a certain hogshead for the plaintiff, for a certain re ward, and that they so negligently conducted themselves, that it was damaged. It was held that the gist of the action was *290 tort, and not the contract out of which it arose, and therefore that on a plea of not guilty, two being acquitted, judgment might be had against the third, who was found guilty. The question was discussed on a motion in arrest of judgment, as the matter appeared upon the record. The argument upon both sides proceeded upon the assumption, that if it was to be regarded as an action ex contractu, the plaintiff was not entitled to a judgment on the verdict; and it was contended for the defendants, that as the cause of action arose out of the contract, and the declaration set forth a joint contract, it was incumbent on the plaintiff to prove such joint contract, by showing that all the defendants were liable ; and that being negatived by the verdict in favor of two, there could be no judgment on the verdict against the third. On the other side, it was contended for the plaintiff, that although a contract was alleged, it was done incidentally and collaterally, but that the culpable negligence, being plainly a tort, was the subject of the plaintiff’s allegation. The court there decided, that the gisi of the action was the tort, and therefore that a judgment might be rendered in favor of two, and against the third. In giving the opinion of the court, Lord Ellenborough- alludes to the settled distinction between tort and contract in this respect. In speaking of the case in which it had been ruled that a count against carriers for hire, upon the custom of the realm, was to be regarded as a count in assumpsit, and as distinguished from tort with its consequences, those applicable to a case in contract he describes thus ; “ which consequences are these, viz. letting in a plea in abatement for want of joining all the parties ; of entitling the defendants to a general verdict, if the cause of action should not be proved as against all, and of excluding the right to join therewith a count in trover.”
Such being the difference of opinion between the two superior courts on the principal question, a writ of error to the King’s Bench was brought, in the case of Max v. Roberts, 12 East, 89. The case was twice argued, the first time in the King’s Bench, and the second time in the Exchequer Chamber, before all the judges. The argument turned principally upon the question, whether in an action on the case, laid in tort against two or more, founded upon the alleged breach of a joint *291 contract, one or more of the defendants may be found guilty and the others acquitted, considering the tort or breach of duty resulting from the contract to be the gist of the action, and not the contract itself, or whether the contract be the gist of the action. This case, though thus fully argued at large before the twelve judges, was decided upon a point collateral to the merits, and the main question was not settled. But in the same year, another case, involving the same point, was decided in the King’s Bench. Weall v. King, 12 East, 452. This was case for a deceit, against two, for a fraudulent representation and warranty upon the sale of lambs. The proof at the trial was sufficient to establish the charge against one, but not against the other, and the plaintiff was nonsuited, subject to the opinion of the Court of King’s Bench.
In giving the opinion of the court Lord Ellenborongh says, “ the joint contract was the foundation of the joint warranty, and essential to its legal existence and validity,” and he slates as a rule of law, “ that the proof of the contract must correspond with the description of it in all material respects.” He concludes thus ; “In this case a joint contract was necessary to be laid, in order to maintain the ground of action as stated upon the record, and being so laid, and not being proved, the plaintiff was properly nonsuited.”
The Court of King’s Bench therefore concur with the Common Pleas, in opinion, whatever other difference there may have been between them, that in a suit against two or more, alleging a joint contract, if the proof does not support the aliegation, the plaintiff cannot have judgment against any of the defendants.
We cannot perceive that it makes any difference, in the application of the- rule under discussion, whether there be a verdict for one defendant and against another, or whether one or more be defaulted and a verdict rendered in favor of others, a verdict and a default being equally a proper ground for a judgment, where, upon the whole record, the plaintiff is entitled to it. Indeed in the case of Max v. Roberts, in the report of it in 12 East, it appears that several of the defendants were defaulted, and in the event, judgment was claimed against those only who were defaulted ; but because, taking the whole record *292 together, on the trial of the issues between the plaintiff and those who pleaded, the result was that a joint contract was not proved, it was decided that the plaintiff could not take judgment against those who by their default submitted themselves to the judgment of the court.
We think the case stands upon the same footing as if there had been a verdict in favor of Cooper, and against the two other defendants, upon a plea of the general issue. The several plea filed by the defendant Cooper, was, that he together with Gould and Robbins did not promise in manner, &c. A verdict upon this issue, as effectually falsifies the plaintiff’s allegation of a joint promise, as if all the defendants had joined in it.
But although the general rule be as stated, yet there are cases, where undoubtedly, in an action upon contract against several, judgment may be had against some of the defendants ; as where one or more of the defendants plead or otherwise rely, by way of defence, upon bankruptcy, infancy or coverture, being some matter personal to such defendants, which admits the making of the contract as laid, but which shows either that the contract vras not binding by reason of some incapacity in the party making it, or that it has been discharged by a certificate of bankruptcy or other matter subsequent Noke v. Ingham, 1 Wils. 89.
Mr. Sergeant Williams, (1 Saund. 207, note 2,) states, that where, in an action on a contract, the defendants sever in their pleas, as where one pleads some plea, which goes to his persona] discharge, such as bankruptcy, ne unques executor, and the like, and not to the action of the writ, the plaintiff may enter a nolle prosequi as to him and proceed against the others. These pleas do not falsify the declaration, but admitting the contract as laid, go to show some legal ground why the party pleading should not be bound by it, which if the plaintiff will admit and enter a nolle prosequi, he may proceed against the others, who by law remain liable.
In two cases cited in the argument, Chandler v. Parkes, 3 Esp. 76, and Jaffray v. Frebain, 5 Esp. 47, it was held, that in a joint action against two or more, where one pleaded infancy, the plaintiff could not enter a nolle prosequi and pro *293 ceed against the other, but was bound to discontinue and commence a new action.
In the particular case just stated, a different rule has been adopted in New York and in this State.
In Hartness v. Thompson, 5 Johns. R. 160, it was decided, that where the plaintiff declares on a joint and several contract, sued as a joint contract, against several, and one pleads infancy, or gives it in evidence, the plaintiff may enter a nolle prosequi against the infant, and proceed to judgment against the other defendants, or the jury may find a verdict for the infant defendant, and a verdict for the plaintiff against the other defendants. The case goes expressly upon the ground, that the matter of defence was personal to the infant, of which he alone could take advantage, and the assertion of which did not destroy the plaintiff’s right of action against the other defendants. The court say, “the general principle that the plaintiff must prove a joint contract when he brings a joint suit, is not intended to be shaken by the rule which the court have thought proper to apply to this case. We mean to confine its operation exclusively to the case of a defence insisted upon by one of several joint debtors, which is personal to him, and which does not go to the discharge of all.”
The same principle was sanctioned and adopted in Massachusetts, upon the same reasons. Woodward v. Newhall, 1 Pick. 500.[1]
Although therefore there is a difference between the English cases and these, as to the application and extent of the general rule and the manner in which it shall be carried into effect in practice, yet both recognize the existence and affirm the authority of the general rule itself.
In Moravia v. Hunter, 2 Maule & Selw. 444, one defendant pleaded, 1. non assumpsit; 2. a special plea of bankruptcy ; 3. a general plea of bankruptcy. -The plaintiffs entered a nolle prosequi in this form ; “And the plaintiffs, inasmuch as they cannot deny the several matters, &c. freely here in court confess, that they will not further prosecute against said D. Hunter.” And after verdict against the other defendant, it was *294 contended that the plaintiffs had confessed the non assumpsit, as weM as the. other pleas, and therefore that the other defend' “ ant was entitled to be discharged. And the counsel endeavoured to distinguish this case from that of Noke v. Ingham, 1 Wils. 89, before cited, where upon a plea of bankruptcy by one, and a nolle prosequi as to him, it was held that the plaintiff might well take judgment against the other severally. And the ground of distinction relied on was, that here there was a plea of non assumpsit, which was not the case in Wilson. But the court held, that in effect the nolle prosequi was only a confession, that as regards Hunter, he had a defence upon the matters pleaded by him. It is impossible to consider this case as an authority for the position, that where one pleads severally non assumpsit, and the plaintiff enters a nolle prosequi as to him, the plaintiff can proceed against the other. It would be contrary to the whole course of authorities. What we think the court meant to say was, that as the defendant Hunter had pleaded a matter, which was personal to him, which entitled him to his discharge, and which was consistent with the averment of an original joint contract, the nolle prosequi and confession should be deemed to apply to this separate matter of discharge, as pleaded by the bankrupt severally, and not as a confession that he did not originally join in the promise declared on. In this view it is consistent with and confirms the other authorities cited. That such is the effect of this short report of this case, is manifest from the fact, that the same court, a few months preceding, had decided, that where one of the joint promisors had become bankrupt and obtained his certificate, he must necessarily be joined in the suit in the first instance, although he may, if he will, plead his certificate in discharge. Bovill v. Wood, 2 Maule & Selw. 23.
This case seems at variance with those of Chandler v. Parlies and Jaffray v. Frebain, that if the suit was brought against several, including an infant, the plaintiff could not enter a nolle prosequi against him and proceed, but must discontinue and bring a new action. The distinction we believe is, between infancy, where it is considered that the promise was void ab initio, and bankruptcy, which admits the promise and relies upon matter subsequent in discharge. The American *295 cases having gone upon the assumption, that this distinction is not well founded, we presume that the same rule would here apply to both cases.
The case of Minor v. The Mechanics Bank of Alexandria, 1 Peters, 46, decided in the Supreme Court of the United States, differs so much in its circumstances, that it has no bearing upon the general question. It was debt on bond against a principal and four sureties. The defendants severed in their pleadings. The four sureties joined in their pleas, and pleaded nine pleas in bar, to two of which the plaintiffs put in demurrers, and on the other seven, issues were joined. Before the principal pleaded, these issues were tried and found for the plaintiffs, and damages were assessed. Subsequently the plaintiffs entered a nolle prosequi against the defendant who was principal in the bond, and took judgment on the verdict against the other four defendants. The principal bad judgment against the plaintiffs for his costs. These proceedings were had in the Circuit Court, ho objection was made to the regularity of the proceedings and judgment, on the part of the defendants, and subsequently a writ of error was brought to reverse this judgment. It was held, that there was r.o sufficient ground to reverse such judgment.
Several circumstances were chiefly relied on in that case, which do not affect the general question ; as that the bond was joint and several, that the four defendants joined in their pleas, which pleas were several and distinct from those of the principal, that they joined issue, and went to trial, before the principal appeared and pleaded, which they were not obliged to do, and so in effect elected to have a several trial, that the co-defendant, against whom the nolle prosequi was entered, was a principal and all the other defendants sureties, so that they had a remedy over against him at all events, for all the sums they might be compelled to pay on this bond, without regard to the judgment in this suit, and more especially, that no objection was made to this judgment by the sureties in the court below. This combination of circumstances is so peculiar and distinguishes the case so entirely from the one under consideration and from those which we have cited, that we cannot consider it as an authority opposed to the principle which we have ad *296 vanced, nor does the reasoning of the court, which led to that decision, impugn this principle. In delivering that opinion, the court thought it proper again to notice the fact, that the suit was on a joint and several bond, that the defendants severed in their pleas from the principal, that the trial of the issues (which ought to have been, by the regular course of practice, deferred until the cause was at issue as to all the parties, or the steps of the law taken to bring them into default,) did not appear to have been opposed, and that no motion was made ir> arrest of judgment, or for a postponement until a trial of the issues upon the pleas of the principal might have been had. It is manifest from the whole course of the reasoning, that it was in reference to these peculiar circumstances, that the court determined that the judgment thus rendered ought not to be reversed.
Upon a review of all the cases, we think there is no one, which throws any doubt upon the rule of practice, that in an action upon contract, against two or more, the contract must be proved as laid, and that in a trial upon the general mi rit , the plaintiff cannot have a judgment against one or more, where aliare not liable: That, however, there is an exception to this rule, established by the English precedents, and somewhat modified and extended by the American cases, that where a defence can be made by one or more of the defendants, either by plea or by proof on the trial, which admits the making of the original joint contract, but shows matter of personal exemption or discharge, whether such exemption arises from an incapacity to contract, as in case of coverture or infancy, or by matter of subsequent discharge, as in case of bankruptcy, but which leaves the other contracting parties liable to the performance of the contract, such party may have a separate judgment against the plaintiff, and the plaintiff may have a valid judgment against the other contracting parties.
In applying this rule to the case at bar, we are all of opinion, that the case falls under the general rule, and does hot. come within the exception. The record and report show, that the three defendants never made the joint promise declared on, either in form or in legal effect, either express or ¡ra *297 plied. The plea of Cooper was, that he never promised jointly with Gould and Robbins, and the verdict affirms the plea. The report shows the evidence upon which this verdict is founded, from which it is apparent, that the verdict proceeded upon no ground of incapacity or other personal disability which admits the formal promise, denying its legality ; but it shows that neither in point of fact nor in point of law, did he enter into the contract. The ground of the plaintiff was not that Cooper did the act or assented to it, but that he was a partner and bound by the act of his co-partners ; but the evidence showed that as to this transaction he was not a partner. It is not therefore like infancy and bankruptcy, where the party is liable upon his contract, unless he himself chooses to assert his personal privilege in defence.
We have thought it proper to discuss this question somewhat at length, inasmuch as several cases have recently been before the Court, and it has been strongly urged upon the Court that considerations of convenience and expediency are in favor of this course of practice, of putting actions upon contracts upon the same footing as those upon torts, and allowing the plaintiff to recover against one or more, according to his proof. On questions relating to the forms of proceeding in the administration of justice, not settled by precedent and practice, or plain and obvious analogy, considerations of expediency and fitness are undoubtedly of great weight. But so important are regularity and uniformity in the course of judicial proceedings, to the rights of litigant parties, that where a course of practice is well settled, it ought not to be departed from, unless where it would work great injustice. Whether the course proposed would be the most expedient, we are not prepared to say. It might be difficult at once to foresee all its consequences. One consequence is obvious, that a plaintiff might be tempted" to embrace persons as defendants, with a view to disqualify them as witnesses, if he w'ere to incur no risk but that of costs ; and it would not always be easy for the party relying upon the testimony of such persons to avoid the effect of such a joinder. But without going at large into the question of expediency, we think this course of practice is settled by judicial *298 precedent, that it does not interfere with the rights of parties, and therefore that it must be pursued in the present and similar cases.[1]

Motion overruled.

 See Cutts v. Gordon, 13 Maine R. (1 Shepley,) 478, 479.

 See Columbian Manuf. Co. v. Dutch, 13 Pick. 125, 128.
It is now provided, that when any action founded on contract, is brought against several persons, the plaintiff may be allowed, at any time before the cause is argued to the jury, and if there is no such argument, at any time before it is committed to the jury by the court, to discontinue, as against any of the defendants, upon payment of costs to them as in case of nonsuit, and on such other terms as the court shall direct, &e Revised Stat. c. 100, §7.